IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NADEEM AHMAD,

        Plaintiff,                    No. CIV S-09-1200 JAM DAD PS

    vs.

WELLS FARGO BANK N.A., et al.,

        Defendants.          ORDER
_____/

        Plaintiff Nadeem Ahmad is proceeding pro se with this action. The case has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Although plaintiff's complaint provides the names and the address of Nadeem Ahmad and Yin Ling Zhang, the caption identifies Nadeem Ahmad as the sole plaintiff, the complaint bears only the signature of Nadeem Ahmad, and an application to proceed without prepayment of fees has been filed only for Nadeem Ahmad. Despite the indications that Nadeem Ahmad is the sole plaintiff, the complaint commences with the statement that "Plaintiff's Nadeem Ahmad and Yin Ling Zhang alleges as follows [sic]," and the attached verification describes Nadeem Ahmad as "a Plaintiff."

/////

1

This action cannot proceed until plaintiff Nadeem Ahmad clarifies whether he is proceeding as the sole plaintiff in this case. If he is not the sole plaintiff, plaintiffs must file a pleading that clearly identifies both of them as plaintiffs in the caption, and the pleading must be signed by both plaintiffs. In addition, if Yin Ling Zhang is a plaintiff, she must file her own separate application to proceed in forma pauperis. Filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis.

In reviewing the complaint, the court has found that the pleading is deficient in other ways. Pursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

/////

The present complaint is filled with conclusory allegations that all defendants violated numerous statutes. The complaint contains no material allegations concerning any defendant's acts or omissions that resulted in the alleged violations. Thus, there is no factual basis for any claim asserted in the complaint. Moreover, the complaint contains no prayer for relief against the defendants.

The complaint is so incomplete that the court is unable to determine whether the action may state any claim for relief. The court has determined, however, that the complaint does not contain the short and plain statement of claims required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and allege facts that state the elements of the claims both plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity specific acts which each defendant engaged in that support the plaintiff's claims. See id. In addition, Rule 8(a)(3) requires that the complaint state "a demand for the relief sought."

Because the present complaint does not comply with the requirements of Rule 8, the complaint must be dismissed. The court will grant leave to file an amended complaint that comports with Rule 8 and also cures the other defects noted in this order. Pursuant to Local Rule 15-220, the amended complaint must be complete in itself without reference to the pleading that has been dismissed. The court cannot refer to the original pleading in order to make the amended complaint complete. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint must include factual allegations describing the conduct and events which underlie the claims against each defendant. Failure to file an amended complaint that comports with this order may result in a recommendation that this action be dismissed for failure to state a claim on which relief can be granted.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed in this action on May 1, 2009 (Doc. No. 1) is dismissed with leave to amend.

2. Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. If Yin Ling Zhang is a plaintiff in this action, her application to proceed without prepayment of fees must be filed with the amended complaint.

4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: May 20, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\ahmad1200.ord.ifpapp.ac

4