1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NADEEM AHMAD,

11          Plaintiff,                    No. CIV S-09-1200 JAM DAD PS

12      vs.

13   WELLS FARGO BANK N.A., et al.,

14          Defendants.                   ORDER

15   _____/

16          This matter came before the court on May 21, 2010, for hearing of the motions to

17   dismiss filed by defendants First American Loanstar Trustee Services and Citi Mortgage, Inc.,

18   and plaintiff's counter-motion for leave to amend or for an extension of time to oppose

19   defendants' motions.  Plaintiff, who is proceeding pro se with this action, appeared on his own

20   behalf.  Lyle Solomon, Esq. appeared for defendant First American Loanstar Trustee Services,

21   and Curtis Molloy, Esq. appeared for defendant Citi Mortgage, Inc.

22          Upon consideration of the briefing on file, the parties' arguments at the hearing,

23   and the entire file, the court granted defendants' motions for the reasons stated in open court.  In

24   light of plaintiff's pro se status, the court granted plaintiff a final opportunity to amend his

25   complaint.

26   /////

1    As set forth in the court's order dismissing plaintiff's original complaint with

2  leave to amend,

3           [p]ursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss the
             complaint at any time if the court determines that the pleading is
4           frivolous or malicious, fails to state a claim on which relief may be
             granted, or seeks monetary relief against an immune defendant.  A
5           complaint is legally frivolous when it lacks an arguable basis in
             law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);
6           Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).
             Under this standard, a court  must dismiss a complaint as frivolous
7           where it is based on an indisputably meritless legal theory or where
             the factual contentions are clearly baseless.  Neitzke, 490 U.S. at
8           327; 28 U.S.C. § 1915(e).

9                  To state a claim on which relief may be granted, the
             plaintiff must allege "enough facts to state a claim to relief that is
10          plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S.
             544, 570 (2007).  In considering whether a complaint states a
11          cognizable claim, the court accepts as true the material allegations
             in the complaint and construes the allegations in the light most
12          favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69,
             73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.
13          738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th
             Cir. 1989).  The court need not accept as true conclusory
14          allegations, unreasonable inferences, or unwarranted deductions of
             fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.
15          1981).  Pro se pleadings are held to a less stringent standard than
             those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
16          (1972).

17                 . . . .

18                 [A] short and plain statement of claims [is] required by
             Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Although the
19          Federal Rules adopt a flexible pleading policy, a complaint must
             give fair notice to the defendants and allege facts that state the
20          elements of the claims both plainly and succinctly.  See Jones v.
             Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A
21          plaintiff must allege with at least some degree of particularity
             specific acts which each defendant engaged in that support the
22          plaintiff's claims.  See id. . . .

23  (Order filed May 20, 2009 (Doc. No. 3) at 2-3.)

24         With regard to claims of fraud, plaintiff is advised that "the circumstances

25  constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves

26  not only to give notice to defendants of the specific fraudulent conduct against which they must

1    defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown

2    wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges,

3    and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society

4    enormous social and economic costs absent some factual basis.'"  Bly-Magee v. California, 236

5    F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th

6    Cir. 1996)).  Thus, pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead

7    evidentiary facts such as the time, place, persons, statements and explanations of why allegedly

8    misleading statements are misleading.  In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7

9    (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003);

10   Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[1]

11            Plaintiff is reminded that any amended complaint must be complete in itself

12   without reference to prior pleadings that have been dismissed.  See Local Rule 220.  The court

13   cannot refer to prior pleadings in order to make plaintiff's second amended complaint complete.

14   See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Plaintiff's second amended complaint must

15   contain factual allegations describing the conduct and events which underlie his claims against

16   each defendant named in the pleading.  Plaintiff is cautioned that he should not name as a

17   defendant any party against whom he cannot allege specific facts showing that the defendant

18   caused plaintiff harm in violation of a specific provision of an applicable statute.  Plaintiff is

19   directed not to name American Brokers Conduit as a defendant in his second amended complaint

20   because that entity responded to plaintiff's first amended complaint by filing a notice of

21   bankruptcy proceedings in which an injunction precludes the commencement of judicial

22   proceedings against it.  Plaintiff is also directed not to name Land America Commonwealth as a

23   defendant in his second amended complaint, unless plaintiff has an address for service of process

24   _____

25   [1]  In addition, "[u]nder California law, the 'indispensable elements of a fraud claim
include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and
damages.'"  Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.

26   1996)).

1   that is different from the address plaintiff provided to the United States Marshal for service of the

2   first amended complaint.

3                 Accordingly, IT IS ORDERED that:

4                 1.  Defendant First American Loanstar Trustee Services' January 27, 2010 motion

5   to dismiss (Doc. No. 14) is granted;

6                 2.  Defendant Citi Mortgage, Inc.'s February 26, 2010 motion to dismiss (Doc.

7   No. 23) is granted;

8                 3.  Plaintiff's April 5, 2010 motion (Doc. No. 31) is granted with regard to the

9   motion to amend and denied with regard to the motion for extension of time to respond to

10  defendants' motions;

11                4.  Plaintiff's amended complaint shall be titled "Second Amended Complaint"

12  and shall be filed with the court within thirty days after the hearing held on May 21, 2010;

13                5.  The second amended complaint filed with the court shall include a proof of

14  service showing that a copy of the pleading was served by mail on counsel for defendant First

15  American Loanstar Trustee Services and counsel for defendant Citi Mortgage, Inc.; the court will

16  issue a further order regarding service of the second amended complaint on other defendants;

17                6.  If First American Loanstar Trustee Services or City Mortgage, Inc. is named as

18  a defendant in plaintiff's second amended complaint, the defendant shall respond to the pleading

19  within thirty days after it is filed.

20  DATED: May 25, 2010.

21

22                                                  _____

23                                                  DALE A. DROZD
                                                    UNITED STATES MAGISTRATE JUDGE

24  DAD:kw
    Ddad1\orders.prose\ahmad1200.oah.052110.motsgr

25

26