IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NADEEM AHMAD,

    Plaintiff,                    No. CIV S-09-1200 JAM DAD PS

vs.

WELLS FARGO BANK N.A., et al.,      FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        This case came before the court on September 3, 2010, for hearing on motions to dismiss plaintiff's second amended complaint pursuant to Federal Rules of Civil Procedure 8,9 and 12(b)(6), filed on behalf of defendants Wells Fargo Bank, N.A. (hereinafter "Wells Fargo") and First American Loanstar Trustee Services (hereinafter "Loanstar"). (Doc. Nos. 50 and 54). Philip Barilovits, Esq. appeared telephonically for defendant Wells Fargo. Lawrence Harris, Esq. appeared telephonically for defendant Loanstar. Plaintiff Nadeem Ahmad appeared on his own behalf and was allowed to speak in opposition to the pending motions. However, the pro se plaintiff did not file written opposition to the motions to dismiss.[1] Upon consideration of all

---

[1] Plaintiffs' failure to file opposition to the pending motion as required under Local Rule 230(c), along with their failure to appear at the hearing on the motion, would be sufficient to support dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

1

materials filed in connection with the motions, arguments at the hearing, and the entire file, the undersigned recommends that defendants' motions to dismiss be granted with prejudice and that this case be closed.

## BACKGROUND

Plaintiff originally filed his complaint in this action May 1, 2009, along with an application to proceed in forma pauperis. (Doc. Nos. 1 and 2.) On screening, the complaint was dismissed with leave to amend and plaintiff eventually filed an amended complaint on August 18, 2009. On May 21, 2010, motions to dismiss filed by the then-named defendants as well as plaintiff's motion seeking leave to amend yet again came before the court for hearing. Those motions were granted, with plaintiff being allowed a final opportunity to amend his complaint. (Doc. Nos. 40 and 41.) On June 21, 2010, plaintiff filed his second amended complaint in which he named as defendants only Wells Fargo, Loanstar and Mortgage Electronic Registrations Systems, Inc. (MERS).[2]  (Doc. No. 45) On July 13, 2010, defendants Wells Fargo filed its motion to dismiss. On July 20, 2010, defendant Loanstar filed its motion to dismiss. As indicated above, plaintiff did not file any written opposition to those motions.[3]

## PLAINTIFF'S CLAIMS

In his rambling thirty-one page second amended complaint, plaintiff alleges as follows. He is the owner of the subject residential property located in Elk Grove, California.

---

[2] The U.S. Marshal was unable to serve named defendant Mortgage Electronic Registrations Systems, Inc. (MERS) based upon the information provided by plaintiff and that summons was returned unexecuted. (See Doc. No. 42.) Plaintiff has not since provided the necessary information to permit service and MERS has, along with the Doe defendants, not appeared in this action. Plaintiff having failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure, those defendants are subject to dismissal.

[3] On the day prior to the hearing on the pending motions plaintiff filed an "Emergency Ex Parte Motion to Stay the Case." (Doc. No. 60.) Therein, plaintiff sought additional time to oppose the pending motions and/or to amend, arguing that he had been involved in other litigation in the Santa Clara County Superior Court that had distracted him but that if he prevailed in that litigation and collected on a judgment in that case, he would then be able to hire counsel in this action. (Id.) At the September 3, 2010 hearing, the court denied plaintiff's request for a stay and heard his oral opposition to the motions to dismiss. (See Doc. No. 61.)

1  (Second Amended Complaint (hereinafter "SAC") (Doc. No. 45) at 2, ¶ 1.)[4]  On February 7,
2  2007, plaintiff obtained an adjustable rate mortgage loan in the amount of $520,000, which
3  defendant Wells Fargo eventually came to service.  (Id. at ¶ 11.)  The mortgage loan was secured
4  by a deed of trust recorded on the subject property.  (Id.)  By October of 2007, plaintiff had
5  already defaulted on the mortgage.  (Id. at ¶ 18.)  Accordingly, on January 7, 2008 defendant
6  Loanstar issued and recorded a Notice of Default on the subject property.  (Id. at ¶ 19.)  On
7  February 11, 2008, defendant Loanstar recorded a Substitution of Trustee substituting itself as
8  the trustee on the subject property with the Sacramento County Recorder's Office.  (Id. at ¶ 19.)

9         Defendants advise that because plaintiff failed to cure the default, on April 10,
10 2008, a Notice of Trustee Sale with respect to the subject property was recorded.  On May 1,
11 2008, the sale was carried out with the property passing to defendant Wells Fargo.  On January 2,
12 2009, defendant Wells Fargo filed a quitclaim deed on the property in favor of EMC Mortgage
13 Corporation.  Another individual subsequently acquired the subject property.

14        In his second amended complaint plaintiff also alleges as follows.  The mortgage
15 transaction he entered into with the original lender, American Brokers Conduit, was a
16 "predatory" loan which he could not pay back.  (SAC at ¶ 11.)  Plaintiff qualified for a prime rate
17 loan but was forced into an adjustable/high rate, sub prime loan so that brokers and lenders could
18 charge higher rates and fees, including illegal charges.  (Id. at ¶¶ 11, 15.)  He was not provided
19 with disclosures required by TILA and RESPA with respect to the loan.  (Id. at ¶ 12, 16.)  At
20 closing, he was not provided an adequate explanation of the transaction.  (Id. at ¶ 17.)  When he
21 defaulted, plaintiff was refused accommodation or a loan modification.  (Id. at ¶ 20-21.)  The
22 Notice of Default recorded on the subject property was defective because defendant Loanstar was
23 not substituted in as the trustee until after the Notice of Default was recorded and therefore had
24 no standing to proceed with foreclosure.  (Id. at ¶¶ 22-24, 26.)  In addition, the individual who

25 ─────────────
     [4] Page number citations such as this one are to the page number reflected on the court's
26 CM/ECF system and not to page numbers assigned by the parties.

notarized the Substitution of Trustee was not commissioned to do so until several days after the document was notarized.  (Id. at ¶ 25.)

Based on these allegations, plaintiff assert claims for relief under (or seeking to): Set Aside the Trustee's Sale; the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq.; Breach of Contract; and Fraud.  (Id. at 8-29.)  In terms of relief, plaintiff essentially seeks an order setting aside the Trustee's Sale and cancelling the Trustee's Deed based on wrongful foreclosure and expunging all records in connection therewith, rescission of his mortgage loan, the award of compensatory and punitive damages and costs, damages and fees.  (Id. at 29-31.)

DEFENDANTS' ARGUMENTS

Defendants Wells Fargo and Loanstar seek dismissal of plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8, 9 and 12(b)(6) on the grounds that plaintiff has failed to provide a short and plain statement of his claim against each defendant and has failed to state any cognizable claim for relief.  Specifically, defendants advance the following arguments. Plaintiff's action to set aside the foreclosure fails because he has not tendered the amount owed, because his arguments regarding alleged defects in the timing of the Notice of Default and Substitution of Trustee are meritless as a matter of law and because he cannot allege prejudice resulting from any alleged technical violations or procedural errors.  In addition, plaintiff's TILA claims for damages and for rescission are time-barred, the latter because the foreclosure sale has already taken place.  Plaintiff's TILA claims also fail because he has not tendered the borrowed funds and has failed to allege a violation of any provision of the TILA.  Plaintiff's Breach of Contract claim is subject to dismissal because he fails to allege a breach by defendants or performance on his part.  Finally, plaintiff's fraud claim must be dismissed because he has not alleged fraud with the particularity required under Federal Rule of Civil Procedure 9(b) and state law.  Defendant Loanstar also contends that all of its actions in its capacity as trustee are privileged as a matter of California law.

/////

LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, ___U.S.___, ___,129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. The plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. A complaint must also contain "a short and plain statement of the

1  grounds for the court's jurisdiction" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)
2  & 8(a)(3).

3  With regard to claims of fraud, "the circumstances constituting fraud . . . shall be
4  stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to
5  defendants of the specific fraudulent conduct against which they must defend, but also 'to deter
6  the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants]
7  from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from
8  unilaterally imposing upon the court, the parties and society enormous social and economic costs
9  absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001)
10 (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Pursuant to Rule 9(b),
11 a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place,
12 persons, statements and explanations of why allegedly misleading statements are misleading. In
13 re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy
14 Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th
15 Cir. 1995). Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim
16 include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and
17 damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.
18 1996)).

19                                    ANALYSIS

20 At the outset, defendant Loanstar requests judicial notice of documents related to
21 the matters at issue. (Doc. Nos. 54 at 3 and 15.) Specifically, defendant Loanstar requests that
22 the court take judicial notice of the following documents with respect to the subject property:
23 (A) a Deed of Trust, identifying plaintiff and a Yin Ling Zhang as the borrowers and executed by
24 them, recorded in the Sacramento County Recorder's Office on February 21, 2007; (B) a
25 Substitution of Trustee recorded in the Sacramento County Recorder's Office on February 11,
26 2008; (C) a Notice of Default and Election to Sell recorded in the Sacramento County Recorder's

1  Office on January 7, 2008; (D) a Notice of Trustee's Sale recorded in the Sacramento County
2  Recorder's Office on April 10, 2008; (E) a Trustee's Deed Upon Sale recorded in the Sacramento
3  County Recorder's Office on May 9, 2008; and (F) a Corrective Trustee's Deed Upon Sale
4  recorded in the Sacramento County Recorder's Office on June 10, 2008.
5        Similarly, defendant Wells Fargo has requested judicial notice of documents
6  related to the matters at issue. (Doc. No. 51.) Specifically, defendant Wells Fargo requests that
7  the court take judicial notice of the following documents with respect to the subject property:
8  (A) the Trustee's Deed Upon Sale recorded on May 9, 2008, in the Sacramento County
9  Recorder's Office; (B) a Quitclaim deed recorded January 2, 2009, in the Sacramento County
10 Recorder's Office; and (C) a Deed of Trust recorded on January 2, 2009, in the Sacramento
11 County Recorder's Office reflecting the sale to the current owner.
12        Defendant s' requests for judicial notice will be granted pursuant to Federal Rule
13 of Evidence 201. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a
14 motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v.
15 Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial
16 notice of matters of public record outside the pleadings).

17 I.    Wrongful Foreclosure/Rescission

18        Defendants correctly observe that to the extent plaintiff seeks an order declaring
19 the foreclosure proceedings invalid as having been conducted in violation of state law and/or for
20 the rescission of his mortgage loan agreement, his claim fails because he has not alleged the
21 ability to tender the entire amount due on the mortgage loan to the lender.

> "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App.3d 112,117 (Cal. App.2d Dist.1971). The overwhelming majority of California district courts utilize the Karlsen rationale in examining wrongful foreclosure claims. Anaya v. Advisors Lending Group, 2009 U.S. Dist. LEXIS 68373, 2009 WL 2424037 (E.D. Cal. August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial

foreclosure"); Alicea v. GE Money Bank, 2009 U.S. Dist. LEXIS 60813, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); Montoya v. Countrywide Bank, 2009 U.S. Dist. LEXIS 53920, 2009 WL 1813973 (N.D. Cal. June 25, 2009) ("Under California law, the "tender rule" requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt"). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 U.S. Dist. LEXIS 14550, 1999 WL 740375 (N.D. Cal. Sept. 15, 1999).

Somera v. Indymac Federal Bank, FSB, No. 2:09-cv-1947-FCD-DAD, 2010 WL 761221, at *8 (E.D. Cal. Mar. 3, 2010). See also Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (holding that rescission "*should* be conditioned on repayment of the amounts advanced by the lender" and explaining that, because rescission is a remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability to tender the loan proceeds).[5]

Because plaintiff has not alleged any ability to tender payment, defendants' motions to dismiss his cause of action for wrongful foreclosure and/or rescission of the loan agreement should be granted.[6]

/////

---

[5] Likewise, "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934). See also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title.")

[6] Defendant Loanstar persuasively argues that, in any event, it is entitled to dismissal because all of plaintiff's allegations against it stem from alleged misrepresentations regarding its right to foreclose on the subject property and subsequent actions taken in foreclosing. Because plaintiff has not alleged facts demonstrating that Loanstar acted with malice, all of its action are privileged under California law. See Webb v. Indymac Bank Home Loan Servicing, No. CIV. 2:09-2380, 2010 WL 121804, at * 2-3 (E.D. Cal. Jan 7. 2010) (and cases cited therein).

II.   TILA

Plaintiff alleges that the original lender on his mortgage loan, American Brokers Conduit, failed to make proper disclosures to him in violation of the provisions of TILA. (SAC at ¶ 11.) Apparently seeking to hold defendants Wells Fargo and Loanstar responsible for these alleged violations, plaintiff seeks rescission of the loan and an award of damages.

Plaintiff's TILA claim for damages is barred because such a suit must be filed within one year following the alleged violation. 15 U.S.C. § 1640(e). The failure to make required disclosures for purposes of a damages claim under TILA occurs on the date the loan documents are signed, because on that date the buyer is in possession of all information relevant to the buyer's discovery of the TILA violation and the basis for a damages claim. Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); Lingad v. Indymac Federal Bank, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("[W]hen a plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate."); Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1122 (N.D. Cal. 2009). Here, plaintiff alleges that he entered the loan transaction in question on February 7, 2007. However, he did not file his original complaint in this action until May 1, 2009. His TILA damages claim is therefore untimely and should be dismissed

In addition, plaintiff's claim for rescission under TILA would also be time-barred, since such claims must be filed within three-year after consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f); see also Parcray v. Shea Mortgage Inc., No. CV-F-09-1942 OWW/GSA, 2010 WL 1659369, at *16 (E.D. Cal. Apr. 23, 2010); Hughes v. Residential Mortgage Capital, No. C 09-4511 SI, 2010 WL 986998, at *2 (N.D. Cal. Mar. 17, 2010) ("Numerous courts have held that an involuntary foreclosure sale, like any other sale, terminates TILA's right of rescission."); Cross v. Downey Savings & Loan Ass'n, No. CV 09-317 CAS (Ssx), 2009 WL 481482, at *3 (C.D. Cal. Feb 23, 2009). As noted above,

here the foreclosure sale had taken place and the property quit-claimed to its new owner by January 2, 2009. Yet, as noted, plaintiff did not file his original complaint in this action until May 1, 2009, approximately four months after the time for seeking rescission under TILA had expired.

Moreover, to state a claim for rescission under TILA plaintiff must allege that he is able to tender the proceeds of his loan. See Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (holding that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender" and explaining that, because rescission is a remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability to tender the loan proceeds); LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1974); Garcia v. Wachovia Mortgage Corp., 676 F. Supp.2d 895, 903 (C.D. Cal. 2009); see also Lal v. American Home Servicing, Inc., 680 F. Supp. 2d 1218, 1222-23 (E.D. Cal. 2010) (tender requirement for a TILA rescission claim not met by plaintiff/borrower's proffer that once successful in their civil action they will be able to secure refinancing to satisfy obligation). There is no allegation with respect to satisfying this tender requirement in plaintiff's second amended complaint.

In his complaint plaintiff also indicate that the loan in question was obtained by him with respect to his primary residence. As such, this was a "residential mortgage transaction" which is exempt from TILA's right of rescission. See 15 U.S.C. § 1635(e)(1); Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874, 879 (6th Cir. 2006); Khan v. GMAC Mortgage, LLC, No. 2:10-cv-00900-GEB-JFM, 2010 WL 2635095, at *3 (E.D. Cal. June 30, 2010); Wilson v. First Franklin Financial Corp., Civ. No. S-08-2572 FCD/JFM, 2010 WL 2106551, at *2 (E.D. Cal. May 25, 2010) (concluding that such residential mortgage transactions are also exempted from Regulation Z (12 C.F.R. § 226.23(f)(1)) and the Home Ownership and Equity Protection Act (15 U.S.C. § 1602(aa)(1))) .

Finally, the vague and conclusory factual allegations of plaintiff's second amended complaint fail to allege a violation of any specific provision of TILA by the named

1  defendants.  For all of these reasons, plaintiff's TILA claim should be dismissed.

2  III.     Breach of Contract

3           Plaintiff alleges that defendant Wells Fargo breached their contract by failing to
4  apply any of plaintiff's monthly mortgage payments toward the principal balance on his loan.
5  (SAC at ¶¶ 102, 104, 107, 109-10.)  Instead, due to interest rate increases on the adjustable rate
6  loan, plaintiff's principal balance increased during the life of the loan.  (Id. at ¶ 103.)  However,
7  as defendant Wells Fargo points out, in entering the loan transaction in question, plaintiff agreed
8  to pay back both the principal and interest.  (Id., Ex. A at ¶ 3(A).)  Plaintiff acknowledges that
9  the loan agreement specifically stated that "[e]ach monthly payment will be applied as of its
10 scheduled due date and will be applied to interest before principal."  (Id.)  Indeed, the loan
11 plaintiff took out was clearly characterized as an Adjustable Rate Note pursuant to which the
12 interest rate and monthly payment amounts could, and likely would, change.  (Id.)  Finally,
13 plaintiff not only has failed to allege that he performed as agreed under the loan or that his non-
14 performance was legally excused, but instead acknowledges that he was unable to perform,
15 defaulted on his mortgage loan and stopped making payments.  (SAC at ¶¶ 18-20.)

16          Under California law, "[a] cause of action for breach of contract requires proof of
17 the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for
18 nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."
19 CDF Firefighters v. Maldonado, 158 Cal. App.4th 1226, 1239 (2008); McKell v. Washington
20 Mutual, Inc., 142 Cal. App.4th 1457, 1489 (2006).  Here, plaintiff's bare allegations do not
21 identify where in the loan agreement there was an explicit promise that the principal on the loan
22 would be reduced by the monthly payments he made.  A breach of contract claim rests upon the
23 actual terms of a contract.  Plaintiff has simply failed to allege any breach of the express
24 provisions of the loan agreement.  See Williams v. Bank Of America, No. 2:09-CV-3060-JAM-
25 KJM , 2010 WL 3034197, at *4 (E.D. Cal. July 30, 2010) (dismissing breach of contract claim
26 where the complaint failed to allege where in the loan agreement the alleged promises by the

bank were memorialized); Nichols v. Greenpoint Mortgage Funding, Inc., 2008 WL 3891126, at *4 (C.D. Cal. Aug.19, 2008) (dismissing breach of contract claim where "[p]laintiff has failed to set forth any provisions of the Notes that were breached.").

For these reasons, plaintiff has failed to state a breach of contract claim upon which relief can be granted. Accordingly, this claim should be dismissed.[7]

IV.   Fraud

In his second amended complaint plaintiff alleges in extremely general fashion that defendants "made fraudulent representation, concealment of material facts" and "Knowingly and malicious conducted an illegal and fraudulent trustee's sale." (SAC at 28) Such conclusory allegations fail to state a cognizable claim. First, it is impossible to ascertain with any degree of particularity the precise conduct being alleged as to each of the named defendants. As such, plaintiff has failed to place each of the defendants on notice of the claim or claims being asserted against them. Furthermore, however, plaintiff's fraud claim invokes no applicable statutory or common law authority pursuant to which the court could grant relief.

Nonetheless, construing the pro se complaint liberally, the court notes that under California Civil Code § 1689(b)(1), a party to a contract may rescind the agreement if his or her consent to the contract was obtained through fraud. However, under California law a claim of fraud must allege the following elements: "(a) a misrepresentation (false representation,

---

[7] The court also notes that, in any event, common law breach of contract remedies are likely unavailable to plaintiff in this mortgage loan/non-judicial foreclosure sale context. See Jones-Boyle v. Washington Mutual Bank, FA, No. CV 08-02142, 2010 WL 2724287, *6-7 (N.D. Cal. July 8, 2010) (holding that breach of contract and implied covenant of good faith and fair dealing claims to be preempted by the Homeowners' Loan Act (HOLA), 12 U.S.C. § 1462, et seq.); Lopez v. Wachovia Mortgage, No. 09-CV-01510, 2009 WL 4505919, *4 (E.D. Cal. Nov. 20, 2009) (dismissing with prejudice breach of contract and implied covenant of good faith and fair dealing claims because they are preempted by HOLA); see also Saldate v. Wilshire Credit Corp., 268 F.R.D. 87, 104 (E.D. Cal. 2010) ("'[I]t is unhelpful to analyze trust deed nonjudicial foreclosure sales issues in the context of common law contract principles' in that 'trust deed nonjudicial foreclosure sales are comprehensively regulated by the detailed statutory scheme set forth in [Cal. Civ. Code] section 2924 et seq., which is not based on common law contract principles.'") (quoting Residential Capital v. Cal-Western Reconveyance Corp., 108 Cal. App.4th 807, 821-22 (2003)).

concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App.4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal.4 th 631, 638 (1996) (internal quotation marks omitted). When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater . . . . The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" Lazar, 12 Cal.4th at 645 (quoting Tarmann v. State Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).

Similarly, federal law requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. Proc. 9(b). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988). See also e.g. Spencer v. DHI Mortgage Co., Case No. CV F 09-0925 LJO DLB, 2009 WL 1930161, at *6 (E.D. Cal. June 30, 2009). Dismissal of a fraud claim is appropriate when its allegations fail to meet the required pleading standard. Vess, 317 F.3d at 1107; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged"); Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994); 1991); Tarmann, 2 Cal. App.4th at 157. Here, plaintiff's bare allegation of fraud is clearly insufficient to state a cognizable fraud claim under the standards set forth above.

To the extent that plaintiff is attempting to pursue a fraud claim based upon his allegation that defendant Loanstar was not the trustee of record when the Notice of Default was recorded (SAC at 28-29), his claim also fails as a matter of law. Construed liberally, plaintiff essentially appears to allege that all transfers of the obligations under the note were invalid and

1  defendants lacked the authority to declare a default on the loan, foreclose and sell the subject
2  property. The premise underlying such a claim is flawed and, therefore, the claim itself is not
3  cognizable. See Reynoso v. Paul Financial, LLC, No. 09-3225 SC, 2009 WL 3833298, at *3
4  (N.D. Cal. Nov. 16, 2009) (Rejecting plaintiff's premise and noting, "[t]his alone cannot destroy
5  the chain of title; indeed, the California Civil Code expressly permits trustees to wait and record
6  a substitution of trustee until after a notice of default has been recorded.")

7           "Financing or refinancing of real property is generally accomplished in California
8  through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust,
9  thereby transferring an interest in the property to the lender (beneficiary) as security for
10 repayment of the loan." Bartold v. Glendale Federal Bank, 81 Cal. App.4th 816, 821 (2000). A
11 deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid."
12 Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226, 1235 (1995). If a borrower defaults on a
13 loan and the deed of trust contains a power of sale clause, the lender may non-judicially
14 foreclose. See McDonald v. Smoke Creek Live Stock Co., 209 Cal. 231, 236-237 (1930).
15 California's statutory scheme governing non-judicial foreclosure is comprehensive and intended
16 to be exhaustive. Moeller v. Lien, 25 Cal. App.4th 822, 834 (1994); see also I.E. Assoc. v.
17 Safeco Title Ins. Co., 39 Cal.3d 281, 285 (1985) ("These provisions cover every aspect of
18 exercise of the power of sale contained in a deed of trust.") Under California Civil Code §
19 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct
20 the foreclosure process. Saldate v. Wilshire Credit Corp., 711 F. Supp. 2d 1126, 1139 (E.D. Cal.
21 2010) (emphasis added). Moreover, under California Civil Code § 2924b(4), a "person
22 authorized to record the notice of default or the notice of sale" includes "an agent for the
23 mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed
24 substitution of trustee, or an agent of that substituted trustee." Saldate, 711 F. Supp. 2d at 1139.
25 "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial
26 foreclosure sale." Id. (quoting Moeller, 25 Cal. App.4th at 830).

1    Plaintiff's second amended complaint alleges no facts supporting a claim of
2 failure to comply with the statutory scheme governing non-judicial foreclosure in California.
3 Plaintiff's suggestion that defendant Loanstar's Notice of Default was somehow flawed, thereby
4 divesting it of standing with respect to foreclose proceedings has been specifically rejected by
5 courts considering similar claims. See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp.
6 2d 1177, 1190 & n. 15 (N.D. Cal. 2009) (and cases cited therein) (holding that pursuant to the
7 plain terms of the Deed of Trust and California Civil Code § 2924, trustee had a right to conduct
8 the foreclosure process); Germon v. BAC Home Loans Servicing, L.P., No. 10cv2482
9 BTM(POR), 2011 WL 719591, at *2 (S.D. Cal. Feb. 22, 2011); Wurtzberger v. Resmae
10 Mortgage Corp., No. 2:09-cv-01718-GEB-DAD, 2010 WL 1779972, at *3-4 (E.D. Cal. April
11 29, 2010) (explaining that since the Deed of Trust named the trustee as the beneficiary it had the
12 right to foreclose and the authority to assign its beneficial interest under the deed of trust).
13 Accordingly, in this respect plaintiff's fraud claim fails as a matter of law. See Saldate, 711 F.
14 Supp. 2d at 1139-40; Guldbeck v. BNC Mortgage Inc., No. C 09-cv-05733 VRW, 2010 WL
15 727518, at * 5-6 (N.D. Cal. Mar. 1, 2010) (granting motion to dismiss and finding plaintiff's
16 claims that a Notice of Default was executed and/or recorded without privilege to be not
17 cognizable).

18    Finally, there is plaintiff's allegation that he was somehow defrauded because the
19 notary who acknowledged the Substitution of Trustee was not properly commissioned at the time
20 of the acknowledgment. Even accepting this allegation as true, as defendant Loanstar appears to,
21 plaintiff has failed to state a cognizable claim for relief. That is because under California law any
22 document transferring or encumbering real property is effective and valid between the parties and
23 is enforceable against any person who has actual notice of its contents, even though it is not
24 acknowledged. Gonzales v. Gonzales, 267 Cal. App. 2d 428, 436 (1968); Osterberg v.
25 Osterberg, 68 Cal. App. 2d 254, 262 (1945) ("In California the acknowledgment of a deed is not
26 essential to its validity."); see also Kirsch v. Barnes, 153 F. Supp. 260, 263 (N.D. Cal. 1957) ("A

defectively acknowledged instrument . . . is valid as between the parties to the instrument, and all those having actual notice of its existence.); Miller and Starr, California Real Estate § 11:23 (2011).

Plaintiffs fraud claim should therefore be dismissed for failure to state a claim upon which relief can be granted.

V. Granting Leave to Amend Would Be Futile

The undersigned has carefully considered whether plaintiff may amend their complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would be futile in this case given the obvious deficiencies of plaintiff's second amended complaint, the fact that plaintiff has previously been granted leave to amend and has not cured the noted deficiencies, and plaintiff's most recent failure to file any written opposition to defendants' motions to dismiss. Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. The requests for judicial notice filed by defendant Loanstar (Doc. No. 15) and defendant Wells Fargo (Doc. No. 51) be granted pursuant to Federal Rule of Evidence 201.

2. Defendant Wells Fargo's motions to dismiss (Doc. No. 50) be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. Defendant Loanstar's motions to dismiss (Doc. No. 54) be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. This action be dismissed in its entirety with prejudice.

1      5. The Clerk of the Court be directed to close this action.

          These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:
Ddad1\orders.prose\ahmad09cv1200.mtd.f&r