UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADEEM AHMAD, | Case No. 2:09-CV-1200 JAM-DAD |
| Plaintiff, | |
| v. | <u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION</u> |
| Wells Fargo Bank N.A., et al., | |
| Defendants. | |

This matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21). On March 30, 2011, the Magistrate Judge filed Findings and Recommendations which were served on the parties (Doc. # 62). Objections to the Findings and Recommendations were filed (Doc. # 66). The Court then adopted the Findings and Recommendations and dismissed this matter with prejudice by an order filed on July 1, 2011 (Doc. # 68).

Plaintiff Nadeem Ahmad ("Plaintiff") then filed the present Motion for Reconsideration ("M.R.") of the Court's order adopting the Magistrate Judge's Findings and Recommendations on December 6, 2011 (Doc. # 72).

28 U.S.C. § 636(b) and E.D. Local Rule 303 govern the standard for a Motion for Reconsideration. The district court "may reconsider any pretrial matter . . . where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)A); E.D. Local Rule 303(f).

In this case, the present motion does not ask the Court to reconsider the Magistrate Judge's order, but instead asks the Court to reconsider its own order dismissing Plaintiff's claims with prejudice. Thus, the substance of this motion is properly characterized as an Application for Reconsideration pursuant to Local Rule 230(j), which permits a litigant to seek reconsideration of any motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed . . . .") (internal quotations omitted). Under Local Rule 230(j) the party seeking reconsideration must present an affidavit or brief setting forth the following items:

1. when and to what Judge . . . the prior motion was made;
2. what ruling, decision, or order was made thereon;
3. what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon prior motion, or what other grounds exist for the motion; and
4. why the facts or circumstances were not shown at the time of the prior motion.

L.R. 230(j).

In the present matter, Plaintiff only claims that the Magistrate Judge's Findings and Recommendations ignored the alleged fact that a Substitution of Trustee substituting Defendant Loanstar as the Trustee of the Deed of Trust for Plaintiff's mortgage was fraudulent. M.R., at 5-6. The Magistrate Judge's Findings and

Recommendations as adopted by the Court, however, deal with this specific issue.  Section I of the Magistrate Judge's Findings and Recommendations indicate that Plaintiff did not allege "the ability to tender the entire amount due on the mortgage loan to the lender."  Findings & Recommendations, at 7.  Plaintiff's claim fails because there was no allegation that Plaintiff can tender the full amount of the loan to the mortgagee, making any procedural deficiency in the trustee's sale or accompanying documentation irrelevant.  See <u>Somera v. Indymac Federal Bank, FSB</u>, No. 2:09-cv-1947-FCD-DAD, 2010 WL 761221, at *8 (E.D. Cal. Mar. 3, 2010) (collecting authority).  Thus the Court's prior order adopting the Magistrate Judge's Findings and Recommendations was legally sound and it is now reaffirmed.

Additionally, the Court's prior order did consider the allegation that the Substitution of Trustee was invalid.  Accordingly, Plaintiff has not satisfied Local Rule 203(j) by presenting new or different facts or circumstances that were not shown at the time of the Court's previous order.

ORDER

For the reasons set forth above,

1.  The Motion for Reconsideration filed December 6, 2011 is denied; and

2.  The Court's July 1, 2011 order dismissing Plaintiff's Second Amended Complaint with prejudice is reaffirmed.

IT IS SO ORDERED.

Dated: December 13, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE