UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADEEM AHMAD, | Case No. 2:09-CV-1200-JAM-DAD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO REOPEN THE TIME TO APPEAL |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

On July 1, 2011, this Court granted Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and First American Loanstar Trustee Services' ("First American") Motion to Dismiss and summarily dismissed Plaintiff Nadeem Ahmad's ("Plaintiff") Second Amended Complaint ("SAC") with prejudice (Doc. #68, "July 1, 2011 Order"). The Court entered judgment on July 1, 2011. That same day, the Order and Judgment were served on Plaintiff by mail. See "Service by Mail" entry, dated July 1, 2011.

More than four months later, on November 23, 2011, Plaintiff filed a Notice to Inform the Court (Doc. #70) in which the Plaintiff argued that he did not receive the Court's July 1, 2011 Order dismissing the SAC and had he received that Order, he would have filed a Notice of Appeal and a Motion for Reconsideration.

1

The Court considers the Notice to Inform the Court as a request to reopen the time to appeal or, alternatively, a request to file a motion for reconsideration. Defendant Wells Fargo objected to Plaintiff's Notice to Inform (Doc. #71). Wells Fargo argued that Plaintiff has continually missed deadlines and as a pro se plaintiff, he is still bound by the rules of civil procedure so he should not be able to file a late Motion for Reconsideration.

Plaintiff subsequently filed a Motion for Reconsideration (Doc. #72) on December 6, 2011. On December 13, 2011, the Court denied the Motion for Reconsideration; it reaffirmed its prior order (Doc. #73, "December 13, 2011 Order"). Plaintiff then appealed the July 1, 2011 Order on December 22, 2011 (Doc. #74).

The Court now considers whether it will grant Plaintiff's request to reopen the time to appeal the July 1, 2011 Order pursuant to Plaintiff's Notice to Inform the Court.

Federal Rule of Appellate Procedure 4(a)(6) states,

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier; (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and (C) the court finds that no party would be prejudiced.

The district court "has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met." Arai v. Am. Bryce Ranches, Inc., 316 F.3d 1066, 1069 (9th Cir. 2003). The Ninth Circuit has not held what factors the district court may utilize in denying a Rule 4(a)(6) motion. Id. at 1070.

2

1   While there is no discussion concerning the Rule 4(a)(6)
2   factors, Plaintiff likely satisfied them – (A) he filed his motion
3   within 180 days of the judgment; (B) he was entitled to notice of
4   the entry of judgment and he claims he did not receive it;
5   (C) Wells Fargo has not argued it would be prejudiced by reopening
6   the time to appeal.  Nonetheless, the Court denies Plaintiff's
7   request to reopen the time to appeal in his Order to Inform the
8   Court due to its untimeliness and mootness.
9   "[P]ro se litigants are bound by the rules of procedure."
10  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).  Here, Plaintiff
11  allowed four months to lapse after the date of judgment before
12  filing his Notice to Inform, which the Court considers as his
13  request to reopen the time to appeal or, alternatively, his request
14  for reconsideration.  See Fed.R.App.P. 4(a) (a notice of appeal
15  must be filed with the district clerk within 30 days after entry of
16  the judgment); Fed.R.Civ.P. 59(a) (motions to alter a judgment
17  should be filed within 21 days after entry of the judgment).
18  Despite the late filing, the Court fully considered Plaintiff's
19  Motion for Reconsideration and denied it on the merits on December
20  13, 2011 (Doc. #73).
21  In addition to this late filing, Plaintiff has repeatedly
22  missed key deadlines throughout the litigation.  First, Plaintiff
23  failed to oppose Wells Fargo's Motion to Dismiss (Doc. #58).
24  Second, one day prior to the scheduled hearing on Wells Fargo's
25  Motion to Dismiss, Plaintiff filed an emergency motion to stay,
26  which the Magistrate Judge denied; the Magistrate Judge heard his
27  oral opposition to the motion to dismiss.  See "Minutes" entry,
28  dated September 3, 2010; Findings and Recommendations (Doc. #62 at

3

2, n. 2).  Third, Plaintiff asked for an extension to object to the Magistrate Judge's Findings and Recommendations; though untimely the Magistrate Judge granted that request and ordered Plaintiff to file or serve any objections on or before May 19, 2011 (Doc. #64). Fourth, instead of properly filing objections to the Findings and Recommendations, Plaintiff filed a Motion to Dismiss without prejudice so that Plaintiff could refile his action with an attorney, one week late, on May 26, 2011 (Doc. #65).  The Court adopted the Findings and Recommendations in full and denied Plaintiff's Motion to Dismiss on July 1, 2011 (Doc. #68).  Thus, Plaintiff has shown a pattern of repeatedly missing important procedural deadlines and the current Notice to Inform the Court is no exception.

    Additionally, even if the Court were to consider the Notice to Inform as a request to reopen time to appeal, the request is now moot.  After Plaintiff filed his Notice to Inform, which requested both to reopen time to appeal and to file a motion for reconsideration, Plaintiff filed his Motion for Reconsideration. The Court considered and denied the Motion for Reconsideration on the merits in its December 13, 2011 Order.  At that point, Plaintiff could have timely appealed the Court's December 13, 2011 Order.  Instead, on December 22, 2011, Plaintiff appealed the July 1, 2011 Order, instead of appealing the Court's December 13, 2011 Order (Doc. #74).  Because of the December 13, 2011 Order, the SAC is no longer the final judgment, thus any appeal should have been based on the December 13, 2011 Order and not on any previous order.

    The Court finds that despite the late filing, Plaintiff's Motion for Reconsideration was fully considered; Plaintiff could

have properly appealed that Order.  Instead, Plaintiff elected to appeal the July 1, 2011 Order, during the proper time frame to appeal the December 13, 2011 Order.  The Court finds that in addition to the untimely filing, the request to reopen the time to appeal the SAC is moot because it is no longer the Court's final judgment and is thus moot.

Dated: June 27, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE